Local Form 3015-1 (1/22)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| In re: | Bezerra, Abner Felipe | Case No. | 23-40585 |
|---|---|---|---|

CHAPTER 13 PLAN [X]  Modified

Debtor.

Dated        05/09/2023

_In a joint case, debtor means debtors in this plan._

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1   As of the date of this plan, the debtor has paid the trustee _____ $1100.00 _____ .

2.2   After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $1,100.00 | 05/2023 | 03/2028 | $64,900.00 |
| * | | TOTAL | **$66,000.00** |

2.3   The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4   The debtor will also pay the trustee _____ .

2.5   The debtor will pay the trustee a total of ____ $66,000.00 ____  [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:**  Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or  $6,600.00  [line 2.5 x 0.10].

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of property |
|---|---|---|
| 4.1 | Renters Warehouse | Residential Lease |

**Part 5. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of property |
|---|---|---|
| 5.1 | WE Florida Financial | 2022 Kia Stinger |

Local Form 3015-1 (1/22)

| | Creditor | Description of property |
|---|---|---|
| 5.2 | Ally Financial | 2021 Kia Telluride |
| 5.3 | Toyota Financial Services | 2018 Toyota CHR |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| | Creditor | Amount of default | Monthly payment | Beginning in mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | PennyMac Loan Services | $2,499.00 | $990.00 | 08/2023 | 2 | $1,980.00 | | $2,499.00 |
| | | | $519.00 | 10/2023 | 1 | $519.00 | | |
| TOTAL | | | | | | | | **$2,499.00** |

**Part 7. CLAIMS IN DEFAULT (§§ 1322(b)(3) AND (5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| Creditor | Amount of default | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | |
| TOTAL | | | | | | | | **$0.00** |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay, the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part, 12, Part 13, or Part 14.

| Creditor | Est. Claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | | |
| TOTAL | | | | | | | | | | **$0.00** |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

Local Form 3015-1 (1/22)

| | Creditor | Est. Secured Claim amount | Int. Rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | **None** | | | | | |
| | TOTAL | | | | | | | | | **$0.00** |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Walker & Walker Law Offices, PLLC | $2,988.00 | 04/2023 | $990.00 | 3 | $2,970.00 | | $2,988.00 |
| | | | 07/2023 | $18.00 | 1 | $18.00 | | |
| 10.2 | Internal Revenue Service | | | Pro-Rata | | $0.00 | | $0.00 |
| 10.3 | Minnesota Department of Revenue | | | Pro-Rata | | $0.00 | | $0.00 |
| | TOTAL | | | | | | | **$2,988.00** |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | | | | **None** | | | | |
| | TOTAL | | | | | | | **$0.00** |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured claims including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. All following entries are estimates.

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | **None** | | | | |
| | TOTAL | | | | | | | | **$0.00** |

**Part 13. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately _____$53,913.00_____ [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are _____$0.00_____.

13.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 8 and 9) are _____$47,020.00_____.

13.3 Total estimated unsecured claims are _____$47,020.00_____ [lines 13.1 + 13.2].

Local Form 3015-1 (1/22)

**Part 14. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property *(including the complete legal description of real property)* |
|---|---|---|
| | **None** | |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 1. | **100% Plan** |
|---|---|
| | This is a 100% plan. General unsecured, non-priority claims shall be paid in full. |
| 2. | **1305 claims** |
| | Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by the IRS for taxes that become payable while the case is pending. The trustee shall only pay Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available. |
| 3. | **Bonus** |
| | The debtor(s) shall provide the trustee with copies of any pay stubs that reflect a bonus. Debtor(s) shall turn over net bonuses to the trustee within ten (10) days of receipt. |
| 4. | **Post-Petition Consumer Debt** |
| | Approval by the Bankruptcy Court or the Chapter 13 Trustee shall not be required prior to the debtor incurring a consumer debt while this case is pending, but the holder of the claim against the debtor based upon such debt is subject to § 1305. |
| 5. | **Property taxes paid directly by debtor(s) outside of plan** |
| | The debtor(s) or their mortgage servicer may pay property taxes directly to the county taxing authority when the property taxes become due. |
| 6. | **Tax Refunds** |
| | The debtor(s) shall be entitled to the first $1200 for an individual chapter 13 debtor and $2,000 for married chapter 13 debtors of each year's tax refunds. The balance shall be paid to the trustee as an additional plan payment. Any Earned Income Credit and Minnesota Working Family Credits shall be retained by the debtor(s). The debtors shall keep these credits in addition to the $1,200 or $2,000. |
| 7. | **Surrender and Relief From Stay** |
| | Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case. |

**SUMMARY OF PAYMENTS**

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | $6,600.00 |

Local Form 3015-1 (1/22)

| Class of payment | Amount to be paid |
|---|---|
| Home mortgages in default [Part 6] | $0.00 |
| Claims in default [Part 7] | $2,499.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $0.00 |
| Secured claims excluded from § 506 [Part 9] | $0.00 |
| Priority claims [Part 10] | $2,988.00 |
| Domestic support obligation claims [Part 11] | $0.00 |
| Separate classes of unsecured claims [Part 12] | $0.00 |
| Timely filed unsecured claims [Part 13] | $53,913.00 |
| TOTAL (must equal line 2.5) | $66,000.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard
provision except as placed in Part 16.

Signed: _____ /s/ Andrew Walker _____
       Andrew Walker
       Attorney for debtor
       Bar Number: 0392525
       Walker & Walker Law Offices, PLLC
       4356 Nicollet Ave
       Minneapolis, MN 55409
       Phone: (612) 824-4357
       Email: andrew@bankruptcytruth.com

Signed: _____ /s/ Abner Felipe Bezerra _____
       Abner Felipe Bezerra
       Debtor 1

Signed: _____
       Debtor 2 (if joint case)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Bezerra, Abner
    Debtor(s)

Case No. 23-40585

Chapter 13 Case

NOTICE OF CONFIRMATION HEARING AND NOTICE OF MODIFIED PLAN

To: Gregory Burrell, the U.S. Trustee, and other entities specified in Local Rule 1007-2(a):

1.  The debtor(s) have filed a preconfirmation modified plan and it will be considered at the confirmation hearing in this case set forth below.

2.  The court will hold a hearing on this motion at 10:30 am on 2023-06-01 in Courtroom 7 West located at 300 South Fourth Street, Minneapolis, MN, 55415 or remotely before the honorable Michael E. Ridgway.

3.  Any objection to this plan must be filed and served on or before 2023-05-30.

WHEREFORE, the Debtor(s) respectfully request(s) the Court to confirm the modified plan.

Dated: 05/09/2023.

/s/ Andrew C. Walker
Andrew C. Walker #392525
Walker and Walker Law Offices, PLLC
Attorney for debtor(s)
4356 Nicollet Ave
Minneapolis, MN 55409
(612) 824-4357

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Bezerra, Abner                             Case No. 23-40585
      Debtor(s)

### UNSWORN CERTIFICATE OF SERVICE

I, Jennifer Nelson , Declare under penalty of perjury that on 05/09/2023, I mailed copies of the foregoing Notice of Confirmation Hearing and Notice Of PreConfirmation Modified Plan by first class mail, postage prepaid, or by electronic mail using ECF to each entity named below at the address stated below for each entity.

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Gregory Burrell
100 South 5th St. No. 480
Minneapolis, MN 55402

And creditors on the attached list

Executed on: 05/09/2023                        /e/ Jennifer Nelson

## United States Bankruptcy Court
## District Of Minnesota

In re  Bezerra, Abner Felipe _____

_____

Debtor(s)

Case No.    23-40585 _____

Chapter    13 _____

**Affirm, Inc.**
650 California St 12th Floor,
San Francisco, CA 94108-2702

**Ally Financial**
PO Box 8105
Cockeysville, MD 21030

**Bank of America**
Po Box 982234
El Paso, TX 79998-2234

**Capital One Bank (USA), N.A.**
Attn: General Correspondence
Po Box 30285
Salt Lake City, UT 84130-0285

**CBNA/THD**
PO Box 6497
Sioux Falls, SD 57117

**COMENITY/ZALES**
Po Box 183003
Columbus, OH 43218-3003

**Internal Revenue Service**
Po Box 7346
Philadelphia, PA 19101-7346

**JPMCB - CARD SERVICES**
301 N Walnut St Fl 09
Wilmington, DE 19801-3971

**Minnesota Department of Revenue**
551 Bkcy Section
Po Box 64447
Saint Paul, MN 55164-0447

**PennyMac Loan Services**
Attn Correspondence Unit
PO Box 5133
Thousand Oaks, CA 91359

**Renters Warehouse**

**Sergio Bezerra**
2762 NW 5th St
Okeechobee, FL 34972

Debtor  Bezerra, Abner Felipe                                                      Case number  23-40585

**SYNCB/TJX CO DC**
PO BOX 965015
Orlando, FL 32896

**Toyota Financial Services**
Attn: Bankruptcy Dept

PO Box 8026
Cedar Rapids, IA 52408-8026

**Upstart Network Inc**
2950 S Delaware St Ste 300
San Mateo, CA 94403-2580

**Walker & Walker Law Offices, PLLC**
4356 Nicollet Ave
Minneapolis, MN 55409

**WE Florida Financial**
1982 N State Rd 7
Margate, FL 33063

REVISED 12/15

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

**In re: Bezerra, Abner**                                                          **Case No.**

Debtor(s)

## SIGNATURE DECLARATION

- ☐ PETITION, SCHEDULES & STATEMENTS
- ☐ CHAPTER 13 PLAN
- ☐ VOLUNTARY CONVERSION, SCHEDULES & STATEMENTS
- ☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
- ☒ MODIFIED CHAPTER 13 PLAN
- ☐ OTHER: PLEASE DESCRIBE _____

I [We] the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date:09-May-2023

x
<u>Abner Bezerra</u>
Printed name of Debtor 1 or Authorized Representative    Printed Name of Debtor 2